Conde, Demandante y Apelado, *v.* Falú, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre reivindicación de finca rústica y otros extremos.

No. 2304.—Resuelto en diciembre 23, 1921.

Cosa Juzgada, Res Judicata—Acción Reivindicatoria.—Cuando en un pleito sobre acción reivindicatoria ha sido resuelto por sentencia ejecutoria que una finca de 180 cuerdas reclamada como suya por el demandante al demandado es la misma finca que con cabida de 100 cuerdas posee el demandado, no obstante ser la cabida distinta y haber diferencia aparente de colindancias, no puede reclamarse en otro pleito posterior seguido por la misma parte demandante contra el propio demandado, también mediante acción reivindicatoria, la diferencia de cabida que el demandante alega existir de 68 cuerdas con 21 centésimos de otra, por impedirlo la cosa juzgada, *res judicata,* pues si tal reclamación prosperara resultaría que la finca de 180 cuerdas y la de 100 cuerdas no son una misma sino distintas, contra lo resuelto en el pleito anterior, en el que precisamente por razón de dicha identidad se dió aplicación al artículo 1473 del Código Civil antiguo, equivalente al 1376 del código revisado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. F. Rossy.*

Abogado del apelado: *Sr. Manuel M. Ginorio.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Se trata de una acción ejercitada ante la Corte de Distrito de San Juan, Sección Primera, por Carlos Conde Casariego, administrador judicial de los bienes de Juana Ramos Latour, contra Manuel Falú Benítez, sobre reivindicación de cierta finca rústica, devolución de frutos e indemnización de perjuicios.

La persona del demandante fué sustituída por la de los herederos de Juana Ramos Latour a instancia de éstos, y a virtud de orden de dicha corte.

Las alegaciones de la demanda son las siguientes:

Que Francisco Ramos Latour falleció el 24 de diciembre de 1906, bajo testamento en el que instituyó por única y universal heredera a su legítima hermana, Juana Ramos Latour.

Que Juana Ramos Latour también falleció el 12 de octubre de 1911, bajo testamento en el que instituyó por sus herederos a Pedro Bazerque Ramos, Josefa, Lorenza, Luis y Alejandro Peña Ramos, Vicente Balbás Peña y Luis Peña Miranda.

Que a la muerte de Francisco Ramos Latour dejó entre otros bienes una finca rústica situada en el barrio de Sabana Llana, término municipal de Río Piedras, cerca de la laguna de "San José" y compuesta de ciento ochenta cuerdas, en lindes por el norte con el demandado Manuel Falú Benítez y Melitón Rivera; por el sur, Jacinta Santos; por el este la Sucesión de Francisco Caso, y por el oeste la de Juan Rubín.

Que Francisco Ramos Latour adquirió dicha finca en remate judicial celebrado en el intestado de Pedro Rodríguez Castro para pago de gastos y costas, habiendo tomado posesión de la misma el 31 de agosto de 1894 y otorgádosele la correspondiente escritura el 16 de abril de 1895, cuyo intestado había sido promovido por los hermanos del causante, María Paulina y José María Candelario Rodríguez Castro, quienes aceptaron la herencia a beneficio de inventario.

Que de la finca expresada fueron adquiridas cien cuerdas por Luis P. Orcasitas Muñoz, y que Francisco Ramos Latour promovió demanda en 1°. de septiembre de 1905, sobre reivindicación de dichas cien cuerdas como parte de la finca de ciento ochenta cuerdas que se deja descrita, cuya demanda fué resuelta en su contra por sentencia firme de esta Corte Suprema de 6 de febrero de 1908.

Que como resultado de la mensura practicada en la finca

de ciento ochenta cuerdas para segregar las cien cuerdas anteriormente expresadas, solamente quedaron sesentiocho cuerdas veintiún centésimos, en lindes hoy con Mr. Strayer por el norte; la Laguna Fruit Company of Porto Rico y los Sres. Scoville Mott & Cía. por el sur; por el este Manuel Falú, y por el oeste Rufino Febre y la Laguna Fruit Company of Porto Rico.

Que la finca hoy perteneciente en parte a Scoville Mott & Cía. fué de Francisco Caso y las cien cuerdas segregadas pertenecen a la Laguna Fruit Company of Porto Rico.

Que el demandado Manuel Falú, maliciosamente pretendió acreditar el dominio de las sesentiocho cuerdas veintiún centésimos mediante solicitud de 24 de septiembre de 1910 en la que dijo que las había comprado a los consortes Higinio Ayende Cruz e Isabel Caraballo, en 15 de marzo anterior, quienes a su vez habían adquirido los derechos y acciones que los herederos de Pedro José Rodríguez Castro tenían sobre una estancia radicada en el barrio de Sabana Llana, Río Piedras, lindante por el norte con la Capellanía del Presbítero Alvaro Rivera, por el sur Juan Falú y Eugenio García, por el este José Suárez y por el oeste Jacinta Santos, cuya solicitud fué desestimada.

Que los herederos de Pedro José Rodríguez Castro nada heredaron de éste y ni ellos, ni los esposos Ayende Caraballo ni el demandado Falú han estado en posesión de esa finca ni de parte de ella.

Que los demandantes y sus causantes son los únicos dueños de las sesentiocho cuerdas veintiún centésimos, resto de la finca que adquiriera Francisco Ramos Latour en el intestado de Pedro José Rodríguez Castro y ellos han pagado y pagan las contribuciones impuestas a ese inmueble.

Que las sesentiocho cuerdas veintiún centésimos por la clase de cultivo que ha podido dárseles y sus condiciones durante el tiempo en que de mala fe y sin justo título las ha detentado el demandado, han debido producir por lo menos

la suma de seis mil dólares, siendo su valor oficial para el pago de contribuciones el de ocho mil dólares.

La demanda concluye con la súplica de que se dicte sentencia declarando que la finca de sesentiocho cuerdas veintiún centésimos es de la exclusiva propiedad de la sucesión demandante y se condene al demandado a que la deje a su libre disposición y pague a dicha sucesión por los frutos producidos y debidos producir y por indemnización de perjuicios la suma de seis mil dólares.

El demandado contestó la demanda y alegó varias defensas, entre éstas la excepción de cosa juzgada. Para sostener dicha excepción alega el demandado que Francisco Ramos Latour, codicioso de las ciento ochenta cuerdas rematadas en el intestado de Rodríguez Castro, promovió un pleito ante la Corte de Distrito de San Juan para que se anularan tres títulos inscritos en el registro que él creía que entorpecían su pretendido derecho sobre ellas, a saber: el de cien cuerdas de Candelaria y de Paulina Rodríguez, el de ciento ochenta cuerdas de Florencio Berríos y el de cien cuerdas que Falú trasmitió a Orcasitas adquiridas de Candelaria y Paulina, a virtud de remate judicial, cuyo pleito fué declarado sin lugar con las costas, por sentencia de 11 de diciembre de 1906, declarándose que esas pretendidas ciento ochenta cuerdas de Ramos son las mismas cien cuerdas que Falú vendió a Orcasitas y que Ramos ha perdido por haberlas inscrito Falú en el registro antes que él.

Se trajo el caso a juicio y practicadas por ambas partes pruebas testifical y documental, la corte dictó sentencia en 30 de enero de 1920, por la que declara que la finca de sesentiocho cuerdas veintiún centésimos que en ella se describe es de la exclusiva propiedad de la sucesión de Juana Ramos Latour y se ordena al demandado Manuel Falú Benítez la deje á la libre disposición del administrador judicial de los bienes de Juana Ramos Latour o de quien le suceda en el cargo, desestimando la demanda en cuanto a la indemniza-

ción de perjuicios, con costas gastos y honorarios de abogados al demandado.

Contra la anterior sentencia interpuso la parte demandada recurso de apelación para ante esta Corte Suprema y entre otros motivos para sostener el recurso sostiene la misma excepción de cosa juzgada alegada en su contestación.

Para apreciar la procedencia de la excepción de cosa juzgada, es necesario tener en cuenta las alegaciones hechas en el pleito seguido por Francisco Ramos Latour contra Luis P. Orcasitas, y Pío Prieto Díaz, en cuyo pleito intervino Manuel Falú por haber sido citado de evicción y saneamiento.

En esa demanda hizo Francisco Ramos Latour las alegaciones que transcribimos a continuación:

"1. Que en 15 mayo del 84 don José Manuel Rossy y Guerra, como procurador de José María, Candelaria y María Paulina Rodríguez Castro, promovió el intestado de don Pedro Rodríguez Castro, hermano de aquéllas, y fueron declaradas sus herederas por auto 16 de marzo del 85, don José María y doña Paulina solamente.

"2. Que el 14 de octubre del 84 se ocupó en ese intestado una finca de ciento sesenta cuerdas, cerca de la Laguna San José, lindante con Rubín, Caso y Melitón, que se depositó en 20 noviembre del 84 en Manuel Falú.

"3. Para las costas del intestado se embargó en 31 julio del 90 esa finca de ciento ochenta cuerdas, lindante al norte con Manuel Falú y Melitón Rivera, sur, Jacinta Fajardo, este, Sucesión de Francisco Caso, y oeste de Rubín, depositándose en Domingo García Polavieja, y rematada se adjudicó a Ramos, al que se le dió posesión judicial en 31 agosto del 94 y se le otorgó escritura judicial el 16 abril del año siguiente.

"4. Florencio Berríos López en 29 mayo del 84 promovió un posesorio en el juzgado de Río Piedras e inscribió al folio 107 tomo 4 de Río Piedras, finca 108, una finca de ciento ochenta cuerdas en el barrio Sabana Llana, sitio de la Laguna, lindante este Melitón y Manuel Falú, norte Sucesión Juan Rubín, oeste Agustina García Cruz, y sur Francisco Caso, que dijo adquirir de los herederos de Pedro Rodríguez, nombrados Pedro José y José Rodríguez, en 1881, vendiéndola por escritura del notario don Herminio Díaz de 28 de marzo de 1901, a Pío Prieto Elías.

"5. Paulina y Candelaria promovieron posesorio en 7 junio del 87 de una estancia de cien cuerdas en Sabana Llana, de Río Piedras, lindante al norte con la Sucesión de Juan Rubín, sur Francisco Caso, este Manuel Falú y oeste Jacinta Santos, adquirida por herencia de su hermano Pedro Rodríguez Castro y se aprobó en 10 agosto del 89, y se inscribió en junio del 90, tomo 79 del archivo 6 de Río Piedras, folio 244, No. 301.

"6. Falú presentó ejecución contra Paulina y Candelaria y no contra José María en 17 agosto del 91 en cobro de pesos, se despachó la ejecución y en 23 octubre del 93 se embargó la estancia de cien cuerdas en Sabana Llana, lindante al norte con Rubín, sur Francisco Caso, este Falú y oeste Jacinta Santos, como de la propiedad de Paulina y Candelaria y se le adjudicó a Falú el 21 diciembre del 901 tomando posesión de ellas el 6 febrero de 902 e inscribiéndolas en el registro.

"7. Falú vendió a Orcasitas esa finca, quien la inscribió en el registro.

"8. Se ve, pues, que la propiedad adquirida por Ramos es la misma que inscribió Berríos y vendió a Prieto, y es parte de las cien cuerdas que inscribieron Candelaria y Paulina, que remató Falú y que vendió a Orcasitas."

A esa demanda se allanó Pío Prieto Elías y seguido el juicio contra Falú, la corte de distrito emitió opinión en 11 de diciembre de 1906 que concluye así:

"Por las razones expuestas la corte decide que los hechos y el derecho están en favor del demandante, Francisco Ramos Latour, en cuanto a su reclamación contra el demandado Pío Prieto, por el allanamiento de éste y su conformidad en que se cancele el asiento obrante en el registro de la propiedad, y en contra del demandante y a favor del demandado Luis Orcasitas Muñoz, defendido por su vendedor Manuel Falú, teniendo dicho demandado derecho a un fallo que declare con respecto a él sin lugar las pretensiones del demandante, en cuanto a las cien cuerdas que tiene inscritas, con imposición de las costas causadas por dicho demandado Orcasitas y su defensor Falú, librándose orden de ejecución para su cumplimiento; y el secretario anotará un fallo de acuerdo con esta decisión."

De acuerdo con la anterior conclusión, fué registrado el fallo o sentencia. En dicha opinión, cuya copia literal se

trajo al juicio como prueba, entre otras conclusiones de hecho se estableció la siguiente:

"Décima segunda: La finca de ciento ochenta cuerdas ocupada en el intestado y adquirida por Francisco Ramos Latour es la misma cuya posesión inscribió Florencio Berríos y vendió a Pío Prieto y la misma cuya posesión inscribieron las hermanas Rodríguez Castro, que les remató Manuel Falú y por éste fué vendida al demandado don Luis Orcasitas, por más que en este último posesorio se le dé una extensión de solo cien cuerdas en vez de ciento ochenta y por más también que las tres descripciones difieran en la colindancia de Jacinta Fajardo, que en uno figura como Agustina García y en otro como Jacinta Santos, por haberse demostrado que la primera y la última son la misma persona, aunque conocida bajo distintos apellidos porque Agustina García era la encargada por la Santos o la Fajardo del cuidado de la finca colindante."

＊          ＊          ＊          ＊          ＊          ＊          ＊

Y luego la corte, como conclusión de derecho, entre otras, establece la siguiente:

"Primero: Como antes se deja consignado, la finca que se le adjudicó a Ramos Latour demandante, por virtud de ejecución contra los bienes del intestado de don Pedro José Rodríguez para el pago de costas, es la misma finca que tienen inscrita a su nombre don Pío Prieto, hoy por expediente posesorio que instruyó don Florencio Berríos, de igual número de cuerdas y también la finca que inscribieron a su nombre por otro expediente posesorio las hermanas Rodríguez como herederas de don Pedro José Rodríguez, aún cuando aparece en ese expediente con cien cuerdas, que luego remató Manuel Falú a quien fué adjudicada y que en la actualidad, por compra, pertenece a don Luis Orcasitas. Florencio Berríos inscribió su expediente posesorio y Pío Prieto la compra que a él le hiciera. También las hermanas Rodríguez inscribieron la posesión de las cien cuerdas, Manuel Falú la adjudicación que se le hizo y Luis Orcasitas la compra realizada a éste último.

"Quien no tiene inscrito su título es el demandante Francisco Ramos Latour."

＊          ＊          ＊          ＊          ＊          ＊          ＊

"Sexto: Careciendo, pues, don Francisco Ramos Latour de un título preferente al de don Luis Orcasitas Muñoz, hay que estar a

lo dispuesto en el artículo 1473 del Código Civil, vigente en la fecha en que los hechos se originaron, respecto a los casos de doble venta y el cual ordena que si un bien inmueble fuera vendido a diferentes compradores, la propiedad pertenecería al adquirente que la haya inscrito primeramente en el registro. Y por tanto, habiendo inscrito primeramente Manuel Falú y Luis Orcasitas, debe subsistir su inscripción en perjuicio del otro comprador de los mismos bienes, don Francisco Ramos Latour, que no ha inscrito aún su título.''

Esta Corte Suprema al decidir el recurso de apelación interpuesto por Francisco Ramos contra la sentencia que dictó la Corte de Distrito de San Juan, confirmó ésta por la suya de 6 de febrero de 1908, y de su opinión transcribimos como atinentes al presente recurso, los siguientes particulares:

''Desde luego que en este recurso de apelación hay que prescindir de todo lo que se refiere a don Florencio Berríos López, vendedor de la finca a don Pío Prieto Elías, porque éste en el curso del pleito se allanó a la demanda.

''Estamos, como lo ha entendido el juez sentenciador, frente al caso que regula el artículo 1473 del Código Civil Antiguo, equivalente al 1376 del revisado, y vigente en Puerto Rico. Es decir, se trata de una doble venta de bien inmueble, condicionado el caso por la inscripción de posesión a favor de un tercero.

''La doble venta presupone que un solo sujeto haya vendido dos veces la misma cosa y aquí resulta claramente probado que a nombre de doña Paulina y doña Candelaria Rodríguez Castro, se vendió a Ramos la finca en cuestión y a nombre de esas mismas personas se adjudicó a Manuel Falú esa misma finca en el ejecutivo que las siguió en cobro de una deuda contraída a su favor por don Pedro Rodríguez Castro, de quien aquéllas, como hermanas, fueron declaradas herederas.

''Hemos dicho que se trata también de una, misma finca, por más que la vendida judicialmente a Ramos sea de 180 cuerdas y la adjudicada a Falú sea de cien cuerdas. Pero a hacer esta afirmación nos obliga la misma demanda y no vale luego variar los términos en que el debate se plantea, como ocurre con el alegato del apelante.

''En el hecho octavo de la demanda se dice que la finca vendida a Ramos es la misma que inscribió don Florencio Berríos y que luego

vendió a Prieto, y parte de esa misma finca son también las cien cuerdas que inscribieron Candelaria y Paulina Rodríguez y que por sucesivas ventas pasaron a Falú y a Orcasitas.''

    *        *        *        *        *        *        *

Esta Corte Suprema concluye así su opinión:

''En resumen. El artículo 1473 del Código Civil Antiguo, que es igual al 1376 del revisado y vigente en Puerto Rico, dice en su segundo párrafo, así:

'' 'Si una misma cosa inmueble se hubiese vendido a diferentes compradores, la propiedad pertenecerá al adquirente que antes la haya inscrito en el registro.'

''La sentencia antes citada de 3 de junio de 1899, dice así:

'' 'Cuando el mejor derecho a una finca se discute entre quién tiene inscrito a su favor en el registro de la propiedad su título, y entre quién no ha conseguido tal inscripción, aún cuando el título inscrito sea de posesión, debe resolverse el derecho en favor del primero, si el segundo no presenta título de dominio que tenga carácter preferente.'

''Este es el caso. Una misma finca se vendió a Falú y a Ramos. Falú inscribió su título de posesión en el registro de la propiedad, Ramos no consiguió tal inscripción y no ha presentado título de dominio que tenga carácter preferente.

''Siendo ésto así, este recurso de apelación debe resolverse en favor de los apelados y demandados, porque el juez de la sección 1ª. de la Corte de Distrito de San Juan aplicó bien la ley y no ha cometido, como se ha demostrado en este dictamen, ninguno de los errores que el apelante le atribuye.

''La sentencia, pues, que con fecha 11 de diciembre de 1906 dictó dicho juez, debe confirmarse con las costas a cargo de la parte apelante.''

En vista de los insertos que dejamos hechos tanto de la demanda en el pleito No. 413 por Ramos contra Orcasitas y Pío Prieto como de las decisiones de la corte de distrito y de esta Corte Suprema en el expresado caso, en relación con las alegaciones de la demanda en el presente pleito, tenemos que llegar a la conclusión de que la corte de distrito en el caso No. 413, resolvió la cuestión sobre que versa el presente

sobre si el terreno que reclama Ramos pertenece a él o a Falú.

Por modo expreso dejó establecido la corte inferior como conclusión de hecho aceptada por esta Corte Suprema que la finca vendida judicialmente a Ramos con cabida de ciento ochenta cuerdas y la adjudicada a Falú con cabida de cien cuerdas son una misma finca no obstante su distinta cabida y diferencia parcial de colindancias, y siendo ello así la sucesión de Juana Ramos Latour, que está obligada a pasar por aquella resolución, no puede sin violación de la cosa juzgada entablar una acción para obtener la reivindicación de las sesentiocho cuerdas con veintiún centésimos a que se contrae la demanda y que están comprendidas dentro de los lindes marcados a la finca de cien cuerdas declarada ya judicialmente de la propiedad de Falú. Y no cabe sostener que las sentencias de la corte inferior y de esta Corte Suprema en el pleito No. 413, se limitaran a las cien cuerdas adquiridas por Falú en remate judicial, pues si esa finca de cien cuerdas y la de ciento ochenta son una misma, según apreciación de ambas cortes, no puede afirmarse que fué su intención excluir del terreno declarado de la propiedad de Falú el que hoy reclama la sucesión, demandante como suyo.

Si prosperara tal reclamación resultaría que ambas fincas, la de 180 cuerdas y la de 100 cuerdas no son una misma contra lo ya resuelto en el anterior pleito, en el cual precisamente por razón de dicha identidad se dió aplicación al artículo 1473 del Código Civil Antiguo, equivalente al 1376 del Código Revisado.

Todas las condiciones que exije la cosa juzgada concurren en el presente caso, teniendo en cuenta el artículo 1219 del Código Civil, según ha sido interpretado ya por esta Corte Suprema en los siguientes casos: *Iglesia Católica* v. *Municipio de Bayamón,* 27 D. P. R. 865, *Quintero* v. *Morales,* 25 D. P. R. 118; *Vega et al.* v. *Rodríguez et al.,* 21 D. P. R. 334; *Hernández* v. *Arán et al.,* 20 D. P. R. 53; *Orama et al.*

v. *Oyanguren*, 19 D. P. R. 829; *Ninlliat* v. *Suriñach et al.*, 18 D. P. R. 195, y *Calaf et al.* v. *Calaf*, 17 D. P. R. 198, y 232 U. S. 371, 374.

Es de revocarse la sentencia apelada y dictarse otra por la que se declare con lugar la excepción de cosa juzgada opuesta a la demanda y se absuelva al demandado, sin especial condenación de costas.

> *Revocada la sentencia apelada y dictada otra declarando con lugar la excepción de cosa juzgada, sin costas.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.