Manuel Falú Benítez, demandante y apelado, *v.* Dámasa y Estebanía Agricolt, Julio Gautier, conocido por Falú, y Heriberto Torres Solá y su Esposa Coral Capó Amadeo, demandados y apelantes las dos primeras.

No. 3472.—*Visto:* Febrero 10, 1925. *Resuelto:* Abril 21, 1925.

1. Sentencias—Cosa Juzgada *Res Judicata*—Identidad de Partes y de Cosas.— La defensa de cosa juzgada no queda establecida, en un pleito para rectificar cierta escritura de entrega de legado, por prueba de un pleito anterior de reivindicación entre algunas de las partes que envolvía la misma propiedad, ya que debe existir identidad de cosas, personas de los litigantes y calidad en que lo fueron.

Sentencia de *M. Rodríguez Serra*, J. (Segundo Distrito, San Juan), declarando con lugar la demanda, con costas. *Confirmada.*

*M. Tous Soto*, abogado de las apelantes; *Manuel F. Rossy*, abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El demandado Manuel Falú, casado con María Benítez, adquirió en el pueblo de Río Piedras una casa enclavada en un solar de veinte y cinco metros treinta centímetros de frente por veinte y un metros cuarenta centímetros de fondo, justificó su dominio e inscribió su título en el registro de la propiedad.

En- el mismo solar fabricaron los esposos Falú–Benítez otra casa que fué habitada por el matrimonio, muriendo en ella la esposa bajo testamento en 1919. En la casa vivían también las demandadas Agricolt y Julio Gautier de quien trae causa el otro demandado Torres Solá.

En el testamento de la Sra. Benítez aparecen las siguientes cláusulas:

"Segunda: Manifiesta al mismo tiempo estar casada en la actualidad con don Manuel Falú, y que al contraer matrimonio ambos, nada aportaron al mismo, ni han adquirido bienes con posterioridad, que deban aplicarse al patrimonio particular de cada uno, y por lo mismo son gananciales, todos los que aparezcan a su fallecimiento.

"Tercera: Declara que carece de descendientes y ascendientes que deban heredarla forzosamente. . . . .

"Cuarta: Lega a Dámasa y Estebanía Agricolt, en unión de su ahijado e hijo de crianza, Julio Gautier conocido por Julio Falú, toda entera, la casa que habita juntamente con el solar donde está enclavada, y que en su mitad tanto de la casa como del solar, pertenecen a su esposo; siendo las dimensiones de la casa las siguientes: 24 pies 9 pulgadas de frente, por 49 pies 4 pulgadas de fondo, y las del solar, las que aparecen en la escritura de su adquisición."

En 1920 procedió Falú a entregar el legado y en la escritura otorgada ante el notario Torres Solá se describió la finca legada, así:.

"Solar radicado en la calle del Ferrocarril del pueblo de Río Piedras, compuesto de veinticinco metros treinta centímetros de frente por veintiún metros cuarenta centímetros de fondo, o sean quinientos cuarenta y un metros cuadrados con cuarentidós centímetros, en el que se encuentra enclavada una casa de madera . . . . ."

Antes, en 1919, Falú vendió a José Garrido la casa primitiva que contenía el ,solar de que se trata con las tierras en que estaba enclavada, comprendiendo la descripción de éstas la mitad del solar.

Gautier, uno de los legatarios, vendió sus derechos y acciones a Torres Solá, el notario que otorgó la escritura de entrega de legado, y las Agricolt y Torres Solá entablaron demanda de reivindicación contra Garrido. Falú fué citado de evicción y no compareció. Ambas partes hicieron una estipulación sobre la prueba describiéndose el solar en que estaba enclavada la casa legada como de veinte y cinco metros de frente. De la estipulación no surge clara la existencia de la otra casa enclavada en el mismo solar. La corte falló el pleito declarando la demanda con lugar.

Garrido demandó entonces a Falú en rescisión del contrato de compraventa e indemnización de daños y perjuicios y obtuvo sentencia favorable. Apeló Falú y la sentencia fué confirmada por esta Corte Suprema. *Garrido* v. *Falú* 32 D.P.R. 668.

Este pleito que ahora está sometido a nuestra decisión se inició por Falú contra las Agricolt y Torres Solá en solicitud de que se ordenara la rectificación de la escritura de entrega de legado describiendo el solar en que está enclavada la casa como una mitad del comprado por los esposos Falú–Benítez, dejando así la otra mitad para la otra casa que en él existe. Se pidió además que se condenara a los demandados al pago de daños y perjuicios y costas del litigio. Se anotó la rebeldía de Torres Solá. Contestaron las Agricolt. Fué el pleito a juicio y la corte ordenó la rectificación solicitada y el pago de las costas.

No conformes las demandadas Agricolt apelaron para ante esta corte señalando en su alegato cinco errores que pueden reducirse a dos: error al desestimar la defensa de cosa juzgada y error al apreciar las pruebas.

Sostienen las apelantes que la cuestión suscitada en este pleito quedó definitivamente juzgada en el pleito seguido por

Garrido contra ellos y Torres Solá en el cual fué citado de evicción Falú.

Realmente no se concibe que Falú no aceptara la contienda en aquel pleito, pero su falta, origen de trastornos y perjuicios evidentes, no tiene tanta trascendencia.

Para que exista la cosa juzgada, "es necesario que entre el caso resuelto por la sentencia y aquel en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las personas de los litigantes y la calidad con que lo fueron," dice el artículo 1219 del Código Civil. (Comp. 1911, p. 766, sec. 4325.) Véanse también los artículos 59, 61 de la Ley de.Evidencia, Comp. 1911, secs. 1427, 1429, el caso de *Conde v. Falú,* 30 D.P.R. 47, 56, y los en él citados donde se estudia ampliamente la materia de cosa juzgada.

Si bien ambos pleitos giran alrededor del solar de que se trata, no son los mismos todos los litigantes y las acciones ejercitadas son distintas, no habiendo cometido por tanto la corte sentenciadora el error que se le atribuye.

Tampoco erró la corte al apreciar la prueba. La cláusula del testamento que contiene la descripción de la casa legada era confusa en cuanto a que no contenía ella misma la extensión del solar y al referirse al título original de adquisición pudo inducir a error al notario que otorgó la escritura de entrega de legado, pero no a las partes realmente interesadas que conocían la realidad de las cosas. Las Agricolt y Gautier vivían en una de las casas y sabían de la existencia de la otra casa y de una cerca dividiendo el solar en dos y de la venta de Falú a Garrido. La declaración de Gautier es terminante.

*La sentencia de la corte se ajusta a los hechos y a la ley, y debe, en tal virtud, confirmarse.*